IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

**RONALD SCHMIDT,**

    **Plaintiff,**

v.                                                                             Case No._____

**HANDS ON CDL DRIVING SCHOOL, INC.,**

    **Defendant.**

---

## COMPLAINT

---

Plaintiff, Ronald Schmidt, by and through counsel, hereby alleges the following as his Complaint against Defendant Hands On CDL Driving School, Inc.:

1. This is an action for relief from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by terminating Plaintiff in retaliation for the exercise of his rights to receive overtime pay under the FSLA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) FLSA, 29 U.S.C. § 216(b).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of Wisconsin because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in

1

this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff Ronald Schmidt is a current resident of Chippewa Falls, Wisconsin. At all times relevant herein, he was employed as a non-exempt employee under the FLSA by Defendant as a Commercial Drivers License ("CDL") Trainer at its location in Chippewa Falls.

5. Defendant Hands On CDL Driving School, Inc. ("Hands On") is, on information and belief, a Wisconsin corporation doing business in Wisconsin. At all relevant times herein, Hands On was Schmidt's employer covered by the FLSA.

## STATEMENT OF FACTS

6. Schmidt is a state-certified CDL license trainer and tester and has held these positions for many years with several employers and a technical college.

7. On March 30, 2020, Hands On hired Schmidt as a CDL trainer at the hourly rate of $25.

8. Hands On is a small family-owned busines located in Holcombe, Wisconsin. Paul Gilbertson is the owner and President, and his wife Judy Gilbertson, and daughter Brook Smith perform bookkeeping and payroll services.

9. Gilbertson assigned Schmidt to work out of the Rand Trucking Company terminal located in Chippewa Falls, WI.

10. Schmidt met students at this location and taught them to drive throughout day. The first week, Mr. Schmidt workers 47.25 hours.

11. During the second week of his employment, he worked 42.5 hours.

12. After receiving his biweekly paycheck, Schmidt asked Smith why he did not receive any overtime, and she told him the company did not pay overtime.

13. In a separate conversation with Schmidt, Paul Gilbertson confirmed to Schmidt that Hands On did not pay overtime.

14. Schmidt worked .5 hours overtime the next week and 6.25 hours overtime the following week and still was not paid overtime.

15. Schmidt continued to question why he was not paid overtime and was told company policy was not to pay overtime.

16. On May 20, 2020, Smith told Schmidt he was being terminated because of numerous complaints made by his students.

17. Prior to this conversation, Schmidt had never been informed of any problems with his teaching and Gilbertson complimented him on his teaching. All of his students passed their CDL driving test, except for one who dropped out.

18. On May 11, 2020, Gilbertson texted Mr. Schmidt "good job" when he learned two of his students passed their CDL test.

19. On May 1, Smith texted Schmidt that he was a "great instructor and we are grateful to have someone with your knowledge and experience on board."

20. Smith also told Schmidt that he was being fired for "slandering the company name" by complaining to others he had not been paid overtime.

21. On June 3, 2020, Hands On paid Schmidt the overtime pay he previously claimed.

## COUNT I

## (TERMINATION IN RETALIATION FOR MAKING A FLSA OVERTIME COMPLAINT

22. The allegations set forth in paragraphs 1-21 above are realleged and incorporated herein by reference.

23. The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

24. Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against an employee because she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

25. Plaintiff's oral requests to Smith and Gilbertson to be paid overtime constitutes "a complaint" and was protected activity under the FLSA.

26. On May 20, 2020, Hands On terminated Schmidt in retaliation for his complaints about not being paid overtime.

27. Defendant's adverse employment action constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

28. As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered a loss of earnings and job benefits; he has suffered and continues to suffer emotional distress; and he has incurred and continues to incur expenses.

29. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendant acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights. The acts taken towards the Plaintiff were carried out by Defendant acting in deliberate, callous, and intentional manner with a desire to injure and damage.

30. Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief, including reinstatement, backpay, liquidated damages, compensatory and punitive damages, as well as reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant as follows:

1. A declaratory judgment that Defendant's actions complained of herein have violated Plaintiff's rights under the FLSA including the right to be free from retaliation for the assertion of rights protected by the FLSA;

2. Reinstatement to his prior position;

3. Unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful acts, according to proof;

4. Liquidated damages in an amount equal to wages unlawfully unpaid;

General, compensatory, and special damages according to proof;

5. Exemplary and punitive damages according to proof; and,

6. Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216(b)

7. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

November 2, 2020

                                    Respectfully submitted,

                                    Kurt C. Kobelt
Law Offices of Kurt C. Kobelt
7120 Caneel Trail
Middleton, WI 53562
(608) 770-6666
kurtkobelt@gmail.com

BY:
*/s/ Kurt C. Kobelt*