IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD SCHMIDT,

                Plaintiff,                    OPINION AND ORDER

v.

                                                      20-cv-999-wmc

HANDS ON CDL DRIVING
SCHOOL, INC.,

                Defendant.

---

      This civil case is set for trial on June 21, 2022, with plaintiff Ronald Schmidt asserting FLSA retaliation claims against defendant Hands On CDL Driving School, Inc. In advance of the final pretrial conference on June 8, 2022, the court issues the following opinion and order addressing Hands On's motions *in limine*.

## OPINION

### I.    MIL No. 1: To exclude evidence, testimony, or argument regarding Schmidt's complaints to Jason Weggen

      Defendant first seeks to bar any testimony or argument that Schmidt complained to Jason Weggen about overtime, arguing that it is outside the scope of the complaint and not a protected activity under FLSA. (Def.'s Mot. (dkt. #54) 1.) The court previously addressed this argument at summary judgment, finding that Schmidt's conversation about overtime with Jason Weggen is likely protected FLSA activity depending upon what was actually said, and regardless, one of defendant's two stated grounds for firing plaintiff was based on slander, putting the protected nature of his complaints to Weggen at issue as to

both causation and pretext.  (Dkt. #66).  In accordance with that decision, therefore, this motion is DENIED.

## II.     MIL No. 2: To exclude evidence, testimony, or argument regarding overtime wages as remaining unpaid

Plaintiff does not oppose this motion *in limine* and has indicated that he will not argue that he is still owed unpaid overtime wages.  (Pl.'s Opp.'n (dkt. #63) 3.)  As such, the motion is GRANTED with the understanding that the *timing* of full repayment may be a relevant consideration as to causation.

## III.    MIL No. 3: To exclude evidence, testimony, or argument regarding Julie Gilbertson's alleged statements about paying overtime.

Defendant next seeks to exclude any evidence or argument about statements Julie Gilbertson made about overtime pay.  (Def.'s Mot. (dkt. #54) 3.)  Julie Gilbertson is the wife of Hands On owner Paul Gilbertson, but it seems she has no formal role in the company and played no role in Schmidt's firing.  (*Id.*)  Thus, defendant argues that any statements she made about Schmidt's overtime are irrelevant, as "[o]nly evidence on the attitudes of the employees involved in the decision to fire the plaintiffs is relevant." *Swanson v. Leggett & Platt, Inc.*, 154 F.3d 730, 733 (7th Cir. 1998).  In response, Schmidt argues that Julie Gilbertson nevertheless acted with apparent authority within the company, even if she was not the official owner or an employee.  (Pl.'s Opp.'n (dkt. #63) 4.)

While Schmidt offered only the barest argument that Julie Gilbertson acted as an agent, "a third-party reasonably relie[s] on the principal's manifestation of authority to an

agent." *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020). According to Schmidt, Julie Gilbertson took it upon herself to tell him that the company would not pay him overtime. Combined with the fact that Wisconsin is a community property state, Schmidt understandably thought Julie was speaking for the company at that time. Even if not a statement of a party opponent for hearsay purposes, her statements as to overtime come in as to plaintiff's state of mind – he understood that the company was denying him overtime rightly due him. Accordingly, defendant's motion is DENIED. At the same time, whether or not Julie Gilbertson acted as an agent of Hands On with respect to payroll decisions, Schmidt has offered no evidence that she had a role in the decision to fire Schmidt. Because plaintiff has not supported his contention that Julie Gilbertson acted as an agent of Hands On or played any other part in his firing, her statements are not relevant to the principal question at hand, except to corroborate the company's position as to plaintiff's entitlement to overtime.

## IV. MIL No. 4: To exclude evidence, testimony, or argument regarding the tape of Jason Weggen's conversation with Schmidt

After his firing, Schmidt called Jason Weggen and recorded their conversation; defendant now seeks to bar the recording as hearsay, which it would be *unless* Weggen takes the stand and some part of his recorded statement is offered to refute a charge of recent fabrication or rehabilitate his credibility under Fed. Evid. 801(d)(1)(B). (Def.'s Mot. (dkt. #54) 3.) However, since Schmidt asserts that he will call Jason Weggen as a witness if Hands On does not, both parties may examine Weggen about his recorded words for these narrow purposes. Accordingly, the motion is GRANTED IN PART AND DENIED IN

3

PART subject to a specific proffer at trial of a *portion* of the recording subject to the exception under Rule 801(d)(1)(B)(i) or (ii).

### V.   MIL No. 5: To exclude evidence, testimony, or argument regarding treatment for psychological conditions related to termination

Finally, defendant argues that Schmidt should not be allowed to present evidence of emotional damage because he has not disclosed any expert reports on the subject. (Def.'s Mot. (dkt. #54) 4.)  However, defendant does not provide any support for the notion that a claim of emotional injury based on a wrongful firing *requires* expert testimony. Indeed, the case law is to the contrary. *See Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 566 (7th Cir. 2006) (holding that, "[m]edical support is not necessary to prove emotional injury in a Title VII case").  Accordingly, this motion is also DENIED.

### ORDER

IT IS ORDERED that:

1) Hands On's MIL No. 1 to exclude evidence, testimony, or argument regarding Schmidt's complaints to Jason Weggen (dkt. #54) is DENIED.

2) Hands On's MIL No. 2 to exclude evidence, testimony, or argument regarding overtime wages as remaining unpaid (dkt. #54) is GRANTED.

3) Hands On's MIL No. 3 to exclude evidence, testimony, or argument regarding Julie Gilbertson's alleged statements about paying overtime (dkt. #54) is DENIED.

4) Hands On's MIL No. 4 to exclude evidence, testimony, or argument regarding the tape of Jason Weggen's conversation with Schmidt (dkt. #54) is GRANTED IN PART AND DENIED IN PART as set forth above.

5) Hands On's MIL No. 5 to exclude evidence, testimony, or argument regarding treatment for psychological conditions related to termination (dkt. #54) is DENIED.

Entered this 8th day of March, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge