IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD SCHMIDT,

               Plaintiff,

v.

HANDS ON CDL DRIVING
SCHOOL, LLC.,

               Defendant.

AMENDED
OPINION & ORDER

20-cv-999-wmc

---

    Following a jury's verdict of liability against defendant Hands On CDL Driving School, LLC, for retaliating against plaintiff Ronald Schmidt's request for overtime pay in violation of the Federal Labor Standards Act ("FLSA") (dkt. #88), the court heard evidence on lost wages and benefits suffered by Schmidt as a result of his wrongful termination. Schmidt testified that but for his termination, he had anticipated working until May 2, 2022, or approximately two years at 40 hours per week, fifty weeks per year. If so, he would have lost approximately $50,000 in wages and benefits. Based on the evidence, however, the court finds it more likely than not that Schmidt would have only worked part-time going forward.

    Specifically, given his prior, part-time work history, likely interruptions in demand for CDL license trainees, sickness and approximately three weeks of vacation plus federal holidays, the court finds plaintiff's estimate of his likely earnings during this period to be inflated. In addition, defendant introduced evidence that there were other jobs in the marketplace that plaintiff could have taken, without disputing that a number of those jobs would be restricted by the conditions for his earning an ongoing pension from the

Teamsters Union. The court also finds it more likely than not that some other, part-time employment would have been available to this plaintiff but that he chose not to search out employment, even after three weeks of decompression from his wrongful firing. Indeed, other than doing work for free by driving for a close friend, the plaintiff simply focused on pursuing his claim against the defendant. In addition, the plaintiff also received unemployment benefits throughout this period. Although unable to put a specific amount on the reduction from the $50,000 claimed by plaintiff in lost wages and benefits, the court finds that a reduction of one-half is appropriate considering all of these factors.

Finally, defendant raises an argument that based on after-acquired evidence, which was not disclosed by Schmidt as it should have been on his application for employment, Hands On would never have hired him in the first place. As an initial matter, this argument is premised on the notion that what appears to have been plaintiff's intentional decision to no longer maintain part-time work with a technical college amounted instead to an actual termination of employment by abandonment, rather than a voluntary termination. Defendant introduced a letter from the technical college written in a way to make either of those two scenarios plausible; however, it did not offer any evidence disputing Schmidt's explanation for voluntarily resigning after the technical college hired two, new full-time employees, because it was unlikely that he would have been able to maintain sufficient hours, even on a part-time basis, to continue his employment.

Thus, to the extent that Schmidt wrote down on his application for employment by Hands On that his last employment ended because he was getting insufficient hours, that explanation appears reasonable if you accept Schmidt's version of events. Since the

defendant has the burden of proof to establish that Hands On would not have hired him, and the court would only be guessing as to what the true story of his departure from the technical college was, the defendant failed to meet its burden of proof. Indeed, when asked on the stand whether he would still have hired Schmidt had he explained the circumstances of his termination of employment by the technical college, Paul Gilbertson, head of Hands On, conceded that he probably would have hired him anyway. Defendant could have provided contrary evidence from the technical college itself, but chose not to do so. Therefore, no additional reduction is appropriate based on after-acquired evidence.

Accordingly, the court will award plaintiff $25,000 in lost wages and benefits. Adding this amount to the $7,500 in pain and suffering awarded by the jury (dkt. #89), plaintiff's total monetary award will be $32,500.

ORDER

IT IS ORDERED that:

(1) plaintiff is AWARDED $25,000 in lost wages and benefits; and

(2) the clerk of court is DIRECTED to enter final judgment in this matter in favor of plaintiff against defendant in the total amount of $32,500.
Entered this 6th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge