IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD SCHMIDT,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 20-cv-999-wmc |
| HANDS ON CDL DRIVING | | |
| SCHOOL, LLC. | | |
| | Defendants. | |

Plaintiff Ronald Schmidt filed suit against his employer, Hands On CDL Driving School, LLC ("Hands On"), alleging violations of the Fair Labor Standards Act ("FLSA"). Following a short trial in June of 2022, a jury found that Hands On was liable for violations of FLSA, after which this court awarded total statutory damages to Schmidt in the amount of $32,500, with $25,000 for back pay and $7,500 for emotional distress damages. Schmidt then filed a motion for reconsideration (dkt. #102), arguing that the court's damage award was erroneous and should be increased. However, at that point, defendant allegedly stopped communicating with its attorney, failed to provide any response to plaintiff's post-trial motions, and offered no opposition to its counsel's subsequent motion to withdraw (dkt. #102), even after the court reset multiple deadlines for defendant to do so.

As such, the court allowed defendant's attorney to withdraw (dkt. #104) and treated plaintiff's motion for reconsideration as unopposed. Given that this motion also appeared legally meritorious, the court granted it and entered an amended judgment of

$157,500, consisting of $75,000 in back pay, $75,000 in liquidated damages, and $7,500 in emotional distress damages. (Dkt. 110.)

The court then gave defendant one last deadline under which to oppose plaintiff's motion for attorney fees. However, defendant again failed to contact the court in any way. Thus, the last remaining business before the court is Schmidt's motion for attorney's fees, which is also unopposed.

OPINION

In determining reasonable attorney's fees, the court with a calculation of the "lodestar" amount by multiplying the number of hours reasonably expended by the appropriate hourly rates for attorneys. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, Attorney Kobelt certifies that he has spent 292.7 hours on this case at a rate of $675 per hour, for a total fee amount of $197,572.50. (Kobelt Decl. (dkt. #113) ¶ 3.) In support of his billing, Attorney Kobelt provides his own affidavit, as well as affidavits from three, respected plaintiff-side, labor attorneys in the Madison, WI area, all of whom assert that Kobelt's rate is reasonable. (Declarations of Jeff Scott Olson (dkt. #113-3), Aaron Halstead (dkt. #113-4), and Sarah Siskind (dkt. #113-5)). One of the affiants, Attorney Olsen, additionally provided statistics about the billing rates and experience levels of other labor attorneys in the area in support of Kobelt's billing. Attorney Kobelt has practiced law for 42 years, with time as a law firm shareholder, as counsel for labor organizations, and since 2017, as a solo practitioner in wage and hour disputes. (Kobelt Decl. (dkt. #113) ¶¶ 5-6.)

2

Attorney Kobelt is undeniably experienced, but an hourly rate of $675 still seems unusually high for a solo practitioner in Wisconsin. Moreover, while Attorney Kobelt achieved success in securing a large recovery for his client in this case, he was aided substantially by defendant's abandonment of the case. Without any opposition to this motion, however, the court has no records with which to compare Kobelt's claimed rates. The Seventh Circuit has directed that, "[o]nce an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.' A defendant's failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993)). Here, defendant has registered no opposition whatsoever to the award amount, much less a good reason why the rate should be lowered. Because the motion is unopposed and defendant did not provide records as to its lawyers' fees and hours, the court reluctantly accepts $675 as the lodestar rate.

Attorney Kobelt has also provided records for his 292.7 hours spent on this case and provided further explanation for the hours in his brief. (Pl.'s Op. Br. (dkt. #112) 7-8.) While the number of hours also seems high given the relatively straightforward nature of the case and amount at stake, without defendant counsel's time records to compare, the court is without a basis to deem Kobelt's hours unreasonable for the preparation and trial of this case, which proceeded all the way to trial. With an hourly rate of $675 and 292.7 hours of work, Kobelt is entitled to a lodestar rate of $197,572.50.

ORDER

IT IS ORDERED that:

1)  Plaintiff's motion for attorney fees (dkt. #111) is GRANTED in the amount of$197,572.50.

2)  The clerk's office should amend the final judgment to reflect this additional, statutory award.

Entered this 17th day of February, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge