IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONALD SCHMIDT,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                           20-cv-999-wmc

HANDS ON CDL DRIVING
SCHOOL, LLC,

                Defendants.

In this action under the Fair Labor Standards Act ("FLSA"), plaintiff Ronald Schmidt succeeded in obtaining a $355,072.50 judgment against his former employer, Hands On CDL Driving School, LLC ("Hands On CDL"). Shortly after judgment was entered, however, that company was dissolved, leaving plaintiff without obvious recourse. Plaintiff now seeks relief from the court, contending that Paul Gilbertson, the former owner of Hands On CDL Driving School, LLC, and Gilbertson's new company, "Hands-On Driving, Inc." should be held liable for the judgment. For the reasons below, the court will set this matter for an evidentiary hearing to determine whether Gilbertson and Hands-On Driving, Inc. should be held liable for the monetary judgment owed to plaintiff.

BACKGROUND

Following a short trial in June 2022, a jury found that Hands On CDL was liable for violations of FLSA, after which this court awarded total statutory damages to Schmidt in the amount of $32,500, with $25,000 for back pay and $7,500 for emotional distress damages. Schmidt then filed a motion for reconsideration (dkt. #102), arguing that the court's damage award was erroneous and should be increased. However, at that point,

defendant had allegedly stopped communicating with its attorney, failed to provide any response to plaintiff's post-trial motions, and offered no opposition to its counsel's subsequent motion to withdraw despite the court resetting multiple deadlines for defendant to do so. (Dkt. #102.)

Ultimately, therefore, the court allowed defendant's attorney to withdraw (dkt. #104) and treated plaintiff's motion for reconsideration as unopposed. Given that this motion appeared to be legally meritorious, the court also granted that motion and entered an amended judgment of $157,500, consisting of $75,000 in back pay, $75,000 in liquidated damages, and $7,500 in emotional distress damages. (Dkt. # 110.) Still, the court gave defendant one last deadline under which to oppose plaintiff's motion for attorney fees. Because defendant again failed to respond or even attempt to contact the court in any way, the court granted $197,572.50 to plaintiff's counsel. (Dkt. #114.) Finally, the court taxed statutory costs in favor of plaintiff in the amount of $3,303.23. (Dkt. #120.)

Since entry of the final judgment on February 22, 2023, defendant's sole owner, Paul Gilbertson, dissolved Hands On CDL and created a new corporate entity called "Hands-On Driving, Inc." Plaintiff next moved to reopen the case and add both Gilbertson and the new entity as defendants, explaining that he had been unable to collect any of the $355,072.50 from the original defendant. The court granted the motion to add Gilbertson and Hands-On Driving as defendants (dkt. #134), and the parties submitted briefs on whether the new defendants should be liable either because both were liable as plaintiff's employer under the FLSA or as successors to the original defendant.

2

OPINION

**I.      Subject Matter Jurisdiction**

Before turning to the question of liability, the court must ensure that it possesses authority to adjudicate the dispute—in other words, that it has jurisdiction over the subject matter.  *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 550 (7th Cir. 2021).  There is no question that this court *had* jurisdiction over plaintiff's initial FLSA claims, as those claims arose under federal law.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")  However, those claims were resolved, with entry of a final judgment, so the question now before the court is whether it has subject matter jurisdiction over plaintiff's claims against Gilbertson and Hands-On Driving, Inc.

The court concludes that it does.  To begin, plaintiff is essentially asking the court to aid in execution of its judgment, which it has authority to do under the doctrine of "ancillary jurisdiction" and Federal Rule of Civil Procedure 69.  This doctrine extends jurisdiction over certain claims or incidental proceedings arising from a lawsuit that would not, on their own, suffice for federal jurisdiction.  *See Boim* 9 F.4th at 551 (*citing Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("Ancillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit,' but that primary lawsuit must contain an independent basis for federal jurisdiction." (citation omitted)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) (a federal court may exercise ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees.") (citations omitted).  Rule 69 further recognizes that a mechanism exists for a federal court to enforce its own judgments, albeit while drawing upon state law for

execution procedures to the extent not addressed by federal statute. See Fed. R. Civ. P. 69(a).  And under Wisconsin law, a court may permit substitution or joinder of a successor party with the original party where there has been a transfer of interest.  Wis. Stat. § 803.10(3); *see also Boim*, 9 F.4th at 552 (plaintiffs properly invoked doctrine of ancillary jurisdiction by filing motion in original proceeding to add alter ego corporation of defunct original defendant-debtor); *Hatfield v. A+Nursetemps, Inc.*, No. 5:11-CV-416-OC-10PRL, 2014 WL 12614510, at *3 (M.D. Fla. Feb. 10, 2014) (plaintiffs properly invoked Rule 69 and ancillary jurisdiction to enforce FLSA judgment against successor entities to original defendant).

    With respect to Paul Gilbertson's personal liability, plaintiff maintains that he is directly liable as an employer principal under the FLSA.  While Gilbertson disputes the merits of plaintiff's assertion, plaintiff's claim still arises under the FLSA, and is sufficient to invoke federal question jurisdiction under 28 U.S.C. § 1331.  *See Boim*, 9 F.4th at 553 (subject matter jurisdiction existed over claim against alter ego corporations where plaintiff alleged that new corporations "were all the same entity" and participated in the underlying violation of federal law); *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 85 F.3d 1282, 1286 (7th Cir. 1996) (court had subject matter jurisdiction over claim brought by ERISA trustee to enforce unsatisfied liability judgment against corporate entities who were allegedly "true employers" for purposes of ERISA liability).  For these reasons, the court concludes that it has subject matter jurisdiction over plaintiff's claims against Gilbertson and Hands-On Driving, Inc.

II.     Gilbertson's Personal Liability

Plaintiff contends that Paul Gilbertson should be held liable for the judgment against Hands On CDL Driving School, LLC because Gilbertson was also his "employer" within the meaning of the FLSA.  Under the FLSA, who is an employer is a question of law for the court.  *Flecha v. Metal Sys., LLC*, No. 16-CV-800-BBC, 2017 WL 4621634, at *3 (W.D. Wis. Oct. 16, 2017) (*citing Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1206 (7th Cir. 1985)).

Generally, an "employer" is defined broadly as "any person acting directory or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Specifically, whether an individual or entity is an "employer" under the FLSA is guided by four factors: "(1) whether the individual has the power to hire and fire; (2) whether he supervises and controls employee work schedules or conditions; (3) whether he determines the rate and method of payment; and (4) whether he maintains employment records." *Bruske v. Capitol Watertown Sprechers, LLC*, No. 19-CV-851-WMC, 2021 WL 7502269, at *5 (W.D. Wis. May 26, 2021) (*citing Ochoa v. Los Nopales Rest.*, No. 13-CV-204-SLC, 2014 WL 1278644, at *3 (W.D. Wis. Mar. 28, 2014)).

To support their respective positions on this issue, both sides rely on testimony and other evidence presented at trial regarding Gilbertson's participation in Hands On CDL. Although that record would appear to support finding Gilbertson to be an employer under the FLSA's guiding factors, the court recognizes that the parties were not asked to address this specific question through pretrial briefing or at trial.  Therefore, the court will schedule

an evidentiary hearing at which the parties can present any additional evidence regarding whether Gilbertson was plaintiff's employer under the FLSA, just as his company was.[1]

### III. Hands-On Driving's Liability as a Successor Entity

Plaintiff also argues that Gilbertson's new company, Hands-On Driving, Inc. should be held liable as the successor entity to Hands On CDL.  In a case involving more than one corporate entity, successor liability is "the default rule … to enforce federal labor or employment laws."  *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763, 769 (7th Cir. 2013); *WEEOC v. Northstar Hospitality, Inc.*, 777 F.3d 898, 902 (7th Cir. 2015).  In particular, the Seventh Circuit has explained that "the imposition of successor liability will often be necessary to achieve the statutory goals because the workers will often be unable to head off a corporate sale by their employer aimed at extinguishing the employer's liability to them."  *Id.* at 766.

That is exactly what plaintiff alleges occurred in this case:  Hands On CDL was dissolved as a limited liability corporation and replaced by Hands-On Driving, Inc. in order to avoid paying the monetary judgment owed to plaintiff.   In response, Hands-On Driving contends that the original entity was struggling financially even before plaintiff's judgment and was appropriately dissolved under Wisconsin statute.

The Seventh Circuit has identified several factors relevant to whether successor liability is appropriate in a given case, including:  (1) whether the successor had notice of

---

[1] To the extent that either wishes to rely on evidence already presented at trial, the court will certainly consider it.  Accordingly, the evidentiary hearing is purely for either side to provide supplemental evidence.

the pending lawsuit; (2) whether the predecessor could have provided relief after the sale; (3) whether the successor can provide the relief sought; and (4) whether there is a continuity between the operations and work force of the predecessor and successor. *Teed*, 711 F.3d at 765–66. Regardless of these factors, however, the Seventh Circuit has also found "successor liability is appropriate in suits to enforce federal labor or employment laws—even when the successor disclaimed liability when it acquired the assets in question—unless there are good reasons to withhold such liability." *Id.* at 766.

Since the parties have submitted little, actual evidence addressing Hands-On Driving's potential, successor liability, including the factors and presumption identified above, the parties will likewise be allowed to submit additional evidence and present legal arguments on this question at the evidentiary hearing.

## ORDER

IT IS ORDERED that:

1) Plaintiff Ronald Schmidt's motion for a status update (dkt. #142) and motion to expedite (dkt. #144) are DENIED as moot.

2) An evidentiary hearing will be held on February 11, 2025, at 9:30 a.m. to address plaintiff's claim that Paul Gilbertson and Hands-On Driving, Inc. are liable for the monetary judgment in this case.

Entered this 22nd day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge