IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD SCHMIDT,

               Plaintiff,               ORDER

    v.                                                      20-cv-999-wmc

HANDS ON CDL DRIVING
SCHOOL, LLC,

               Defendants.

---

      An evidentiary hearing is scheduled in this FLSA case for February 11, 2025, at 9:30 a.m., to address plaintiff Ronald Schmidt's claim that Paul Gilbertson and Hands-On Driving, Inc. are liable for the monetary judgment plaintiff previously won against his former employer, Hands On CDL Driving School, LLC. The court explained in a previous order that it would consider evidence submitted at trial, as well as supplementary evidence submitted at the hearing.

      The parties have filed a joint motion for clarification (dkt. #151), asking whether the court will also consider declarations and other evidence they have submitted post-trial. The answer is yes. The court will consider any admissible evidence, including trial testimony and other evidence, post-trial declarations based on personal knowledge, and other authenticated post-trial documents that have been submitted. By February 7, 2024 the parties should each submit an exhibit list identifying what evidence they want the court to consider, including specific portions of the trial testimony. That said, if either party seeks to rely on post-trial declarations *and* opposing counsel advises by Friday, February 7, that they wish to cross-examine that declarant at the hearing, the proponent of the declaration shall arrange for their presence in person or by video conference. Otherwise,

the court will not consider the declaration at all.

Plaintiff has also filed a "motion in limine" (dkt. #152), seeking to limit the evidence presented at the hearing to the "five factor test" for successor liability discussed in *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763 (7th Cir. 2013). Plaintiff argues that defendants have incorrectly asserted that there is a "sixth factor" -- specifically, whether there are "good reasons" to deny successor liability. This motion will be denied. As explained in this court's previous order, the Seventh Circuit *has* held that "successor liability is appropriate in suits to enforce federal labor or employment laws—even when the successor disclaimed liability when it acquired the assets in question—unless there are good reasons to withhold such liability." (Dkt. #150) (citing *Teed*, 711 F.3d at 766)). The court will consider any evidence presented by the parties relevant to the various factors discussed by the Seventh Circuit. Of course, to the extent that either party believes that the other is presenting any irrelevant evidence, they may object to its admission at the hearing.

Finally, plaintiff asks the court to deem admitted his requests for admission served on Gilbertson on February 1, 2023, to which Gilbertson failed to respond. On that date, however, this case was closed *and* Gilbertson was not a party. Thus, he had no obligation to respond to plaintiff's discovery requests. Therefore, plaintiff's request will be denied. As plaintiff is aware, it is his burden to prove both Gilbertson's individual liability and successor liability of Hands-On Driving, Inc. *See Nat'l Soffit & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 266 (7th Cir. 1996) (plaintiff's burden to prove successor liability). If plaintiff believes that he needs Gilbertson's testimony at the hearing, he should confirm his presence through counsel or, failing that, serve a subpoena on him to assure his

presence.

## ORDER

IT IS ORDERED that:

1) The parties' joint motion for clarification (dkt. #151) is GRANTED.

2) Plaintiff Ronald Schmidt's motion in limine (dkt. #152) is DENIED.

3) By February 7, 2025, the parties should provide the court with an exhibit list identify the evidence that the court should consider in deciding whether Pail Gilbertson and Hands-On Driving, Inc. are liable for the monetary judgment owed to plaintiff.

Entered this 3rd day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge